## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

LUIS A. ALMEIDA,

     Plaintiff,

v.

SECOND ROUND LIMITED
PARTNERSHIP,

     Defendant.

Case No. 1:20-cv-00825

## COMPLAINT

**NOW COMES** Plaintiff, LUIS A. ALMEIDA through undersigned counsel, complaining of Defendant, SECOND ROUND LIMITED PARTNERSHIP as follows:

## NATURE OF THE ACTION

1.    This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4.    LUIS A. ALMEIDA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Perris, California.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    SECOND ROUND LIMITED PARTNERSHIP ("Defendant") is a limited partnership organized and existing under the laws of the state of Texas.

7.    Defendant maintains its principal place of business at 1701 Directors Boulevard,

1

Suite 900, Austin, Texas 78744.

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.      Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.     Plaintiff applied for and was issued a Gap Visa Credit Card Account by Synchrony Bank governed by a "Cardmember Agreement."

11.     The Cardmember Agreement included a provision providing "[t]he APR for purchases is the prime rate plus 22.74%"

12.     Upon approval, Synchrony Bank mailed Plaintiff a credit card.

13.     Plaintiff activated this card, and began using his card for personal and household purposes.

14.     Plaintiff initially made payments to Synchrony Bank; however, as result of financial hardship, Plaintiff's account balance of $3,714.23 fell into default.

15.     Plaintiff's $3,714.23 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

16.     Plaintiff's $3,714.23 account balance – once unpaid – was referred for collection.

17.     Defendant e-mailed Plaintiff a letter dated July 3, 2020, which stated:

| Date | 07/03/2020 |
|---|---|
| Reference # | 2889434 |
| Balance | $3,714.23 |
| Payment Amount | |

| Balance | Principal | | Account Number |
|---|---|---|---|
| $3,714.23 | $3,714.23 | | XXXX0515 |

| Current Creditor | Original Creditor | Account Name |
|---|---|---|
| Second Round LP | Synchrony Bank | Gap Visa Card |

2

Dear LUIS ALMEIDA,

Second Round LP is excited to offer you 2 money savings options to take care of this account.

| Monthly Payments | | One Payment | |
|---|---|---|---|
| Payment Amount | $75.00 | Payment Amount | $1,671.40 |
| Number of Payments | 30 | Number of Payments | 1 |
| 1st Payment Due Date | 07/20/2020 | Due Date | 07/20/2020 |
| Savings Amount | $1,464.23 | Savings Amount | $2,042.83 |

We believe most people prefer to satisfy their financial obligations. We also understand that times are tough and it can be difficult to pay the full amount owed. Because of this, we work directly with our clients and creditors to negotiate the best possible deal for you and to help you satisfy your account in an affordable manner.

Taking care of this account will put an end to the calls and letters attempting to collect this account. Keep in mind, we are not obligated to renew or extend this offer in the future.

How can you take advantage of this offer?

1. You can mail a check or money order for the first payment of $75.00.
2. You can call us at 866-950-6357 during our normal business hours; our friendly representatives can set up your payments over the phone using a variety of payment methods. You can also call to discuss alternative payment arrangements.

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, Second Round LP may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

**This is a communication from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.**

18.     The Letter misled Plaintiff as it stated "Principal," but did not disclosed whether Plaintiff's balance is subject to increase because of interest.

19.     As noted above, the underlying Cardmember Agreement provided for interest.

20.     However, the Letter doesn't clearly indicate that because of interest, Plaintiff may pay an amount greater than Plaintiff's $3,714.23 principal balance when Plaintiff actually chooses to make payment.

21.     Courts have fashioned safe harbor provisions in connection with debt collectors' efforts to collect consumer debt subject to variable interest; Defendant's Letter doesn't provide appropriate language which would substantially accomplish said safe harbor provision's purpose.

3

## DAMAGES

22.     Congress enacted the FDCPA to rein in certain "evils" associated with debt collection. *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015). This was done because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

23.     The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

24.     The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation. Here, the Letter misled Plaintiff into believing that payment of the amount stated will clear his account.

25.     Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

26.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

27.     Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28.     Defendant violated 15 U.S.C. § 1692e by sending the Letter that stated Plaintiff's current balance, but did not disclose that the balance may increase due to interest and fees.

29.     Plaintiff read the Letter and was misled into believing that he could pay his debt in full by paying the amount listed on the Letter.

30.     In fact, however, if interest is accruing daily, a consumer who pays the current balance stated on the collection notice will not know whether the debt has been paid in full.

31.     In other words, Defendant could still seek the interest that accumulate after the Letter was sent but before the balance was paid, or sell the Plaintiff's debt to a third party, which itself could seek the interest and fees from Plaintiff.

32.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692e pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

      (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find that Defendant violated 15 U.S.C. § 1692e;

B.     award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C.      award such additional damages, as the Court may allow, but not exceeding $1,000

        pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.      award costs of this action including expenses together with reasonable attorneys'

        fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.      award such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in
this action so triable of right.

DATED: August 5, 2020                        Respectfully submitted,

                                             **LUIS A. ALMEIDA**

                                             By: */s/ Mohammed O. Badwan*

                                             Mohammed O. Badwan
                                             SULAIMAN LAW GROUP, LTD.
                                             2500 South Highland Avenue
                                             Suite 200
                                             Lombard, Illinois 60148
                                             +1 630-575-8181
                                             mbadwan@sulaimanlaw.com